```
AOC-E-105     Sum Code: CI                                    NOT ORIGINAL DOCUMENT
Rev. 9-14                                                     10/01/2019 11:35:56 AM
                                                      Case #: 19-CI-00847
Commonwealth of Kentucky                                      93328-4
Court of Justice   Courts.ky.gov                      Court:  CIRCUIT
                                                      County: MCCRACKEN
CR 4.02; Cr Official Form 1    CIVIL SUMMONS
```



*Plaintiff,* GRANITE STATE INSURANCE COMPANY VS. HP COMPUTING AND PRINTIN, *Defendant*

**TO:** CT CORPORATION SYSTEM
      306 WEST MAIN STREET
      SUITE 512
      FRANKFORT, KY 40601

Memo: Related party is HP COMPUTING AND PRINTING, INC

The Commonwealth of Kentucky to Defendant:
**HP COMPUTING AND PRINTING, INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ K. Chanell*

McCracken Circuit Clerk
Date: 9/27/2019

Presiding Judge: HON. TIMOTHY KALTENBACH (602310)

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____          Served By _____

                                                                                       Title _____

CI : 000001 of 000001

---

Summons ID: @00000156860
CIRCUIT: 19-CI-00847 Return to Filer for Service
GRANITE STATE INSURANCE COMPANY VS. HP COMPUTING AND PRINTIN



Page 1 of 1

**eFiled**

Filed          19-CI-00847     09/27/2019          Kim Channell, McCracken Circuit Clerk
NOT ORIGINAL DOCUMENT
10/01/2019 11:34:57 AM
93328-4

COMMONWEALTH OF KENTUCKY
McCRACKEN CIRCUIT COURT
CIVIL BRANCH
DIVISION _____

Civil Action No. 19-CI-_____

*ELECTRONICALLY FILED*

| | |
|---|---|
| **GRANITE STATE INSURANCE COMPANY** as subrogee of Paducah Shooter's Supply, Inc. | **PLAINTIFF** |
| V. | |
| **HP COMPUTING AND PRINTING, INC.** aka HP INC. | **DEFENDANT** |

## COMPLAINT

NOW COMES Plaintiff Granite State Insurance Company ("Granite State"), *as subrogee of* Paducah Shooter's Supply, Inc., by and through its undersigned counsel, and hereby files this Complaint upon Defendant HP Computing and Printing, Inc., aka HP Inc. ("HP"), and states as follows:

## PARTIES

1. Plaintiff Granite State Insurance Company ("Granite State") is a Pennsylvania corporation with a principal place of business in New York, New York. Granite State is authorized to write policies of insurance in the State of Kentucky and for all relevant timeframes set forth herein insured real and personal property belonging to Paducah Shooter's Supply, Inc.

2. Granite State's insured is Paducah Shooter's Supply, Inc. (the "Insured"), a Kentucky corporation with its principal place of business located in Kentucky. At all times relevant hereto, the Insured operated a guns and ammunition retail business located at 3919 Cairo Rd., Paducah, KY 42001 (the "Loss Site").

Presiding Judge: HON. TIMOTHY KALTENBACH (602310)
COM : 000001 of 000007

3. Upon information and belief, Defendant HP Inc. ("HP") is a Delaware corporation with its principal place of business located in Palo Alto, California.

4. Upon information and belief, HP is the successor company, a merged company, and/or a continuation of Compaq Computer Corporation ("Compaq") and has assumed all the liabilities thereof.[1]

5. For the purposes of this complaint, any reference to HP is likewise a reference to Compaq, and any acts and/or omissions allegedly committed by HP include those acts and/or omissions committed by Compaq pursuant to Ky. Rev. Stat. Ann. § 411.300, *et seq.* (West).

## JURISDICTION AND VENUE

6. This Court has proper subject matter jurisdiction because the amount in controversy exceeds $5,000.00 and the events giving rise to the Complaint occurred in the Commonwealth of Kentucky. Furthermore, the events caused damage to property located in Kentucky.

7. Venue is proper is this Court because a substantial part of the events giving rise to this claim occurred in McCracken County, Kentucky.

8. This Court has personal jurisdiction over HP pursuant to its long arm statute, Ky. Rev. Stat. Ann. § 454.210(2).

## FACTUAL ALLEGATIONS

9. This matter arises from a fire loss to the Insured's guns and ammunition retail business located at 3919 Cairo Rd., Paducah, KY 42001 (the "Fire").

10. The Fire occurred on September 27, 2017 (the "Date of Loss").

11. Subsequent investigation revealed that the Fire originated inside a Compaq Computer Corporation branded computer speaker. The speaker here at issue is further identified

---

[1] https://www.nytimes.com/2001/09/04/business/hewlett-packard-in-deal-to-buy-compaq-for-25-billion-in-stock.html

2

as Compaq Computer Corporation model 401508-001, serial number CT:D1B7C01G7INBFR (the "Speaker").

12. Specifically, burn pattern analysis shows that the Fire originated internal to the Speaker.

13. The Fire did not originate externally at the site of a pinched or damaged cord or plug.

14. On the Date of Loss, the Speaker was being used for its intended purpose, and was located on a desk in an office-like area of the Loss Site.

15. Upon information and belief, no other competent ignition sources were located in the area of suspected origin of the Fire.

16. As a result of the fire loss, the Insured suffered damages in excess of $4,374,958.00

17. As a result of HP's defective design and/or manufacturing of the Speaker, the Insured sustained damage in excess of the jurisdictional minimums of this Court.

18. At all times relevant herein, Granite State provided to the Insured a policy of insurance that covered the Insured's real property, business personal property, the personal property of others, and business interruption.

19. As a result of the aforementioned damages, the Insured submitted first-party insurance claims to Granite State.

20. As a result of those claims, and pursuant to the strict terms of the policy, Granite State was obligated to pay and did pay the Insured for a portion of its damages.

21. As such, and to the extent of payments made, Granite State has become subrogated to the rights of its Insured as against HP.

3

NOT ORIGINAL DOCUMENT
10/01/2019 11:34:57 AM
93328-4

22. Granite State now seeks judgment against HP in the exact amount to be established at trial, together with costs, attorney's fees and expenses, pre- and post- judgment interest, and any other relief this Court deems just and proper.

### COUNT I—STRICT PRODUCT LIABILITY (PRODUCT LIABILITY)

23. Granite State hereby re-alleges and incorporates by reference paragraphs 1 through 21 as if fully stated herein.

24. Prior to the Date of Loss, HP (either operating as Compaq Corporation or HP, Inc.) manufactured, designed, assembled, sold, supplied, and/or distributed the Speaker and its component parts under the brand name of Compaq Computer Corporation.

25. Upon information and belief, the Speaker manufactured by HP contained one or more internal product and/or manufacturing defects.

26. HP, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers, and distributors are strictly liable for any product defects because:

   a. The Speaker was sold in a defective condition unreasonably dangerous to the user or consumer or his property;

   b. HP was engaged in the business of manufacturing and selling computer speakers of the type here at issue, and was not a mere occasional seller thereof;

   c. The Speaker involved in the loss was expected to and did reach the user or consumer without substantial change in the condition in which it was sold; and

   d. Any and all product defect causes of actions that become known through discovery.

4

Presiding Judge: HON. TIMOTHY KALTENBACH (602310)

COM : 000004 of 000007

Filed          19-CI-00847    09/27/2019          Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL DOCUMENT
10/01/2019 11:34:57 AM
93328-4

27. HP's acts and/or omissions, set forth above, were substantial factors in, factual causes of, and proximate causes of the Speaker failing and causing extensive damage to the Insured's property, as described herein.

28. A fire would not ordinarily occur within a computer speaker without a defect in the product.

29. By reason of the breach of duties pursuant to §402(A) of the Restatement (Second) of Torts and Kentucky law, HP, by and through its agents, servants, workmen, contractors, suppliers, distributors, and/or employees as aforesaid, is strictly liable to Granite State for the damages described herein.

WHEREFORE, Granite State respectfully requests this Court award it a judgment against HP in the exact amount to be established at trial, together with costs, attorney's fees and expenses, pre- and post-judgment interest, and any other relief this Court deems just and proper.

## COUNT II– NEGLIGENCE (PRODUCT LIABILITY)

30. Granite State hereby re-alleges and incorporates by reference paragraphs 1 through 28 as if fully stated herein.

31. HP, as a manufacturer, designer, assembler, seller, supplier, and distributor of computer speakers had a duty to manufacture, assemble, design, and build the Speaker in accordance with the standard of care in the industry, and to sell, supply, and/or distribute a product that was free of any defects in manufacture or design.

32. HP breached this duty through the following negligent acts and/or omissions:

   a. Failure to adhere to the standard of care in the industry regarding the design of the Speaker;

   b. Failure to adhere to the standard of care in the industry regarding the manufacture of the Speaker;

5

Presiding Judge: HON. TIMOTHY KALTENBACH (602310)

COM : 000005 of 000007

Filed        19-CI-00847   09/27/2019        Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL DOCUMENT
10/01/2019 11:34:57 AM
93328-4

    c. Failure to use appropriate care to ensure that the Speaker would not ignite and cause property damage;

    d. Failure to inspect any component parts prior to installation in the Speaker;

    e. Failure to supervise the work of any of its employees in the manufacture, design, or building of the Speaker; and

    f. Any other acts or omissions revealed through discovery in this case.

33. As a direct and probable result of the aforementioned negligence, the Speaker failed, and the Insured sustained property damage in excess of the jurisdictional minimums of this Court.

34. As a result of the aforementioned damages, the Insured submitted first party insurance claims to Granite State.

35. As a result of those claims, and pursuant to the strict terms of their policy, Granite State was obligated to pay and did pay the Insured for its damages.

36. As such, and to the extent of payments made, Granite State has become subrogated to the rights of its Insured to subrogate against HP.

37. WHEREFORE, Granite State respectfully requests this Court award it a judgment against HP in the exact amount to be established at trial, together with costs, attorney's fees and expenses, pre- and post-judgment interest, and any other relief this Court deems just and proper.

## JURY DEMAND

38. Granite State demands this Court empanel a lawful jury to hear this case.

Dated: September 27, 2019.

Filed        19-CI-00847   09/27/2019        Kim Channell, McCracken Circuit Clerk

Presiding Judge: HON. TIMOTHY KALTENBACH (602310)
COM : 000006 of 000007

Filed 19-CI-00847 09/27/2019 Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL DOCUMENT
10/01/2019 11:34:57 AM
93328-4

Respectfully submitted,

**FOWLER BELL PLLC**

*/s/ Matthew D. Ellison*
Matthew D. Ellison
300 West Vine Street, Suite 600
Lexington, KY 40507-1751
(859) 252-6700
(859) 255-3735 fax
MEllison@FowlerLaw.com
**ATTORNEYS FOR DEFENDANT,
GRANITE STATE INSURANCE COMPANY**

and

**DENENBERG TUFFLEY, PLLC**
(pro hac vice admission to be sought)

Evan Malinowski
28411 Northwestern Highway, Suite 600
Southfield MI 48034
Office: 248-549-3900
Fax: 248-593-5808
EMalinowski@DT-Law.com

4810-4709-8536, v. 1

7

Presiding Judge: HON. TIMOTHY KALTENBACH (602310)

COM : 000007 of 000007

Filed 19-CI-00847 09/27/2019 Kim Channell, McCracken Circuit Clerk